IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| TERRY ANDREWS, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| VS. | : | CIVIL ACTION FILE NO. |
| | : | **1 : 06-CV-131 (WLS)** |
| SGT. PRICE, et al., | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner § 1983 action is defendants' pre-answer motion to dismiss the complaint for failure to state a claim (doc. 13). The undersigned advised plaintiff of the importance of responding to the motion (doc. 14); however, plaintiff has failed to file any response to this motion, and has failed to take any other action to prosecute this lawsuit since filing it.

In his complaint, plaintiff alleges that on September 18, 2006, Sgt. Price, Officer Jones, Officer Alexandra, and Sgt. Mock "jumped on [him] while [he was] in hand cuffs and leg irons." Plaintiff states that these defendants shocked him with a "shock shield," kicked him, and hit him in the back of the head with a club. Plaintiff states that suffered numerous bruises, cuts, and a "busted . . . head in two places."

Plaintiff alleges these defendants refused to get him medical attention despite his obvious injuries. Plaintiff states that he filed a grievance regarding the incident and Christine Cross has "actively conspired to cover up the beating" and has refused to let plaintiff seek medical care. Plaintiff also seems to states that Ms. Cross has, in some unspecified manner, retaliated against

him because he filed the grievance.

Defendants state that plaintiff fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure because he does not ask for monetary damages, instead seeking only injunctive relief to prevent defendants from subjecting him to excessive force, to prevent them from denying him necessary medical treatment, and to prevent defendants from subjecting plaintiff to racial slurs. As defendants are already required by laws and prison regulations to avoid the conduct of which plaintiff complains, defendants assert there is no point in issuing plaintiff injunctive relief. As that is the only relief plaintiff requests, defendants assert this lawsuit should be dismissed against them.

The undersigned is unpersuaded by defendants' argument, especially as it is not supported by any citation to legal precedent. However, the undersigned believes that this case should be dismissed, although not for the reasons stated by defendants.

In the undersigned's order dated October 17, 2006 (doc. 5), requiring service of the complaint upon defendants, the undersigned warned plaintiff of the necessity of diligently prosecuting this action, noting that failure to do so could result in his complaint being dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

As the 11th Circuit has noted in <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989), "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Plaintiff was advised to file a response to this motion, and has failed to do so; moreover, a review of the file reveals that plaintiff has failed to take any other steps to prosecute this action other than filing the lawsuit.

The undersigned finds that plaintiff has failed to prosecute this action, and consequently hereby RECOMMENDS that defendants' motion to dismiss be **GRANTED** and that the complaint be dismissed with prejudice in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of the date of this order.

**SO RECOMMENDED**, this 15th day of August, 2007.

                                                //S Richard L. Hodge
                                                RICHARD L. HODGE
                                                UNITED STATES MAGISTRATE JUDGE

msd